In the Matter of the Claim of ANNE LISSAK, Respondent, against UNE PETITE MAISON, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent. — Award for seventeen and one-sixth weeks' total disability and nineteen weeks' partial disability. Claimant fell from stepladder, on January 5, 1936. She worked intermittently until about April 1, 1936. The evidence sustains the award, and decision, excusing the failure to give written notice as required by section 18 of the Workmen's Compensation Law; and sustains the finding of causal relation between the injury and disability. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of SYLVIA COHEN, Respondent, against BOARD OF EDUCATION, UNION FREE SCHOOL, and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award to claimant for twenty per cent permanent loss of use of the left arm caused by a fall during her employment. The evidence indicates that upon notifying the employer she was told to " Go ahead and do anything you want about it " and was similarly instructed relative to nursing services after leaving the hospital where she had an operation. Appellants claim that the attending physicians failed to file reports required by section 13 of the Workmen's Compensation Law and that, therefore, the award for medical treatment is improper. The evidence indicates that the employer waived the provisions of said section. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of ALEXANDER POLKOWSKI, as Natural Guardian for and on Behalf of ADOLPH POLKOWSKI, STEPHEN POLKOWSKI and ANTHONY POLKOWSKI, Infant Claimants, Appellant, against LOUIS ROSEN and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal by claimants from a decision of the State Industrial Board denying an award on the ground that claimants were not dependent on their deceased brother. The alleged dependents lived with their father in his home. The decedent also lived there, and made some contribution to the support of the family. The father's earnings were substantial, and a judgment was recovered for the benefit of the father and mother on account of the death of the deceased, in the sum of $12,000 in a third-party action. Whether the claimants were dependent on the deceased was a question of fact, and the evidence supports the conclusion of the State Industrial Board. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.